**IN THE UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION**

| | | |
|---|---|---|
| **JEREMY BELLAMY,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| v. | § | Civil Action No. 5:22-CV-00941-JKP-RBF |
| | § | |
| **FORD MOTOR COMPANY,** | § | |
| | § | |
| **Defendant.** | § | |

## FORD MOTOR COMPANY'S OPPOSED MOTION *IN LIMINE* NO. 5 TO PRECLUDE REFERENCE TO AND EVIDENCE OF FORD'S FINANCIAL CONDITION AND THE PARTIES' RELATIVE WEALTH

Defendant Ford Motor Company requests that the Court preclude any reference to, arguments concerning, or evidence of Ford's financial condition or the parties' relative financial conditions. Both are irrelevant to Plaintiff's claims.

### INTRODUCTION

Plaintiff is seeking compensatory damages against Ford arising from the 2019 Interceptor in which Plaintiff claims to have suffered CO poisoning. It is wholly improper for Plaintiff to reference, argue about, or introduce evidence about Ford's financial condition or the parties' relative wealth because neither have anything to do with whether Plaintiff was injured or whether Ford is at fault for that injury. Such references or evidence will unduly influence the jury and affect its evaluation of what compensatory damages it may award, if any, thereby unfairly prejudicing Ford.

**ARGUMENT**[1]

**I.  Evidence of Ford's financial condition is irrelevant and references to it would be particularly prejudicial.**

Evidence related to Ford's size, location or profitability should be excluded because it is categorically irrelevant to any issue about whether Plaintiff was injured in his 2019 Interceptor. *See, e.g.*, *Honda Motor Co. v. Oberg*, 512 U.S. 415, 432 (1994) ("[T]he presentation of evidence of a defendant's net worth creates the potential that juries will use their verdicts to express biases against big businesses, particularly those without strong local presences.");[2] *Wilmoth v. Limestone Products Co.*, 255 S.W.2d 532, 534 (Tex. App.—Waco 1953, writ ref'd n.r.e.) ("As a general rule, the financial status of the parties to a tort action for damages is immaterial and irrelevant to the question of liability or to the amount of damages that may be recoverable and consequently any reference to the poverty or wealth of either party to such a suit, if made in the presence of the jury trying the case, is usually regarded as an improper appeal to the sympathy or prejudice of the jury.").

Moreover, courts have long recognized the highly prejudicial effect of financial-condition evidence when it is submitted with liability-related evidence. *See, e.g.*, *Wal-Mart Stores, Inc. v. Cordova*, 856 S.W.2d 768, 774 (Texas. App.—El Paso 1993, writ denied) ("[T]he error committed by the admission of the net worth testimony amounted to such a denial of the rights of the Appellant to defend the negligence claim as to cause and probably did cause rendition of an improper judgment."); *Sw. Elec. Power Co. v. Burlington N. R.R. Co.*, 966 S.W.2d 467, 471 (Tex. 1998) ("This Court has long recognized the potential for undue prejudice in allowing the jury to consider

---

[1]  To avoid repetition, Ford also refers the Court to the Legal Standard section provided in its contemporaneously filed Motion in Limine No. 3.

[2]  Throughout, unless otherwise noted, all emphases and alterations are added, and all internal quotation marks, citations, and footnotes are omitted.

a litigant's financial status. Because this evidence is often irrelevant and highly prejudicial, Texas courts historically have been extremely cautious in admitting evidence of a party's wealth."); *Murphy v. Waldrip*, 692 S.W.2d 584, 588 (Tex. App.—Fort Worth 1985, writ ref'd n.r.e.) ("The amount of such damages must not . . . be based on improper evidence. It is reversible error to inject into the trial a party's wealth.").[3]

The Court should preclude Plaintiff from submitting evidence of Ford's financial condition.

**II.     Evidence or argument about the parties' respective financial conditions is irrelevant and unduly prejudicial, regardless of whether gross negligence is ever submitted to the jury.**

Any evidence or argument regarding the parties' relative wealth is also irrelevant and unduly prejudicial. The parties' relative financial position has no bearing on any of the facts of consequence in this trial and is therefore irrelevant. Statements such as "Ford is a multi-million-dollar corporation" or the like do nothing to advance Plaintiff's claims. In addition to being totally irrelevant, these types of statements would severely prejudice Ford, would confuse the issue for the jury, and will mislead the jury. *See* Fed. R. Evid. 403; *see also Reliance Steel & Aluminum Co. v. Sevcik*, 267 S.W.3d 867, 868 (Tex. 2008) ("Neither a plaintiff's poverty nor a defendant's wealth can help a jury decide whose negligence caused an accident."); *Tex. Co. v. Gibson*, 116 S.W.2d

---

[3] *Accord Milling v. Omni Shoreham Corp.*, No. 19-CV-3727, 2021 WL 11674475, at *9 (D.D.C. Aug. 26, 2021) ("Courts routinely exclude evidence of a defendant's corporate or financial status as irrelevant to determining liability.") (collecting cases); *Bell v. Sam's East, Inc.*, No. 1:16-cv-315, 2018 WL 719042, at *2 (E.D. Tenn. Feb. 5, 2018) (excluding arguments and evidence related to defendant's size, revenues and profitability as being irrelevant to a determination of compensatory damages and otherwise having a probative value that is substantially outweighed by the danger of unfair prejudice); *Lucent Techs., Inc. v. Microsoft Corp.*, No. 07-cv-2000, 2011 WL 13101230, at *6 (S.D. Cal. Feb. 4, 2011) (granting in part a motion in limine to exclude information on defendant's general overall valuation, revenue, cash reserves, profitability and jury award numbers as irrelevant and unfairly prejudicial).

686, 687 (Tex. Comm'n App. 1938) ("[T]he contrasting of the litigants with respect to wealth and power was made in such fashion as was calculated to influence the jury by arousing a prejudice against the company and creating a bias in favor of plaintiffs."). As one court in this Circuit has noted, "jurors should be guided by 'dispassionate common sense'" when assessing liability or awarding damages. *Murphy v. Ford Motor Co.*, No. 07-864, 2009 WL 2998960 at *5 (W.D. La. 2009) ((quoting Fifth Circuit Pattern Jury Instructions, Civil, 15.2); *see also, e.g.*, *Rogers v. Medline Indus., Inc.*, No. 1:17CV118, 2019 WL 402361, at *3–4 (S.D. Miss. Jan. 31, 2019); *Fincher v. Kansas City S. Ry.*, No. 04-1259, 2009 WL 159708, at *2 (W.D. La. Jan. 22, 2009).

The Court should prelude Plaintiff from submitting evidence or making arguments about the parties' relative financial conditions.

## CONCLUSION

Ford requests that the Court enter an order precluding any reference to, arguments concerning, or evidence about Ford's financial condition) or the parties' relative financial conditions.

Dated: March 20, 2025

Respectfully submitted,

THOMPSON, COE, COUSINS & IRONS L.L.P.
2801 Via Fortuna, Suite 300
Austin, Texas 78749
(512) 708-8200
(512) 708-8777 (fax)

By _____

John W. Chambless (Attorney-in-Charge)
State Bar No. 00796334
Email: jchambless@thompsoncoe.com
Ronald D. Wamsted
State Bar No. 20832000
Email: rwamsted@thompsoncoe.com

Patrick X. Fowler (*pro hac vice*)
Craig A. Logsdon (*pro hac vice*)
SNELL & WILMER LLP
One East Washington Street, Suite 2700
Phoenix, AZ 85004-2556
Telephone: (602) 382-6213
Email: pfowler@swlaw.com
Email: clogsdon@swlaw.com

Derek J. Linkous
BUSH SEYFERTH PLLC
100 West Big Beaver Road, Suite 400
Troy, MI 48084
Email: linkous@bsplaw.com

**ATTORNEYS FOR DEFENDANT
FORD MOTOR COMPANY**

**CERTIFICATE CONFERENCE**

I hereby certify I conferred with counsel for Plaintiff regarding the foregoing motion. Plaintiff's counsel indicated that she may not oppose the motion but had to confer and get back to me with a definitive response. At the time of this filing no response had been received so the motion is being filed as opposed.

John W. Chambless

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of the foregoing instrument has been forwarded to all known counsel of record as set forth below in compliance with the Federal Rules of Civil Procedure on this 20th day of March 2025.

John W. Chambless