UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF TEXAS
SAN ANTONIO DIVISION

**THE ESTATE OF JEREMY BELLA-MY, deceased, through its INDEPENDENT EXECUTOR JACKIE BELLAMY**

   *Plaintiff*,

v.

**FORD MOTOR COMPANY,**

  *Defendant*.

Case No.  SA-22-CV-00941-JKP

## MEMORANDUM OPINION AND ORDER

Before the Court is Plaintiff's (hereinafter referred to as Bellamy) Motion for New Trial. *ECF Nos. 168, 174*. Defendant Ford Motor Company (Ford) responded. *ECF No. 169*. Upon consideration, the Motion is **DENIED**.

### Factual Background

This case arises from an incident in which Police Officer Jeremy Bellamy was found unconscious in his patrol vehicle, a 2019 Ford Explorer Police Interceptor, while on duty for the Universal City Police Department. Bellamy was taken to the hospital by ambulance where he was diagnosed with carbon monoxide poisoning and pneumonia based on blood testing and his clinical presentation. Bellamy filed suit against Ford asserting causes of action for negligence in the design, manufacture, and marketing of the Interceptor, strict liability for design defects, and strict liability for manufacture defects. *ECF No. 1-5 pp. 5–9*. Bellamy alleged defects in the design and manufacturing of the Interceptor allowed harmful levels of carbon monoxide into the cabin, causing him permanent injury. *Id*. Bellamy alleged Ford's mislabeling, improper instruc-

tions for use, and failure to warn regarding the known defects constituted negligence and defective marketing. The case proceeded to trial by jury which resulted in a take-nothing verdict against Bellamy. Bellamy now files this Motion for New Trial. Bellamy argues the inadvertent submission to the jury of an illustrative exhibit created a rebuttable presumption of prejudice to warrant new trial.

## Legal Standard

Determination of a motion for new trial is within the discretion of the trial court, and this discretion should be tempered by the deference due to a jury. *Scott v. Monsanto Co.*, 868 F.2d 786, 789 (5th Cir. 1989). To protect the province of the jury verdict, a court should not grant a new trial "unless, after considering the record as a whole, the court concludes that manifest injustice will result from letting the verdict stand." *Foradori v. Harris*, 523 F.3d 477, 506 (5th Cir. 2008). In exercising its discretion, a court should grant a new trial only when "it is reasonably clear that prejudicial error has crept into the record or that substantial justice has not been done." *Sibley v. Lemaire*, 184 F.3d 481, 487 (5th Cir. 1999).

The movant bears the burden to show the alleged harmful error affected his substantial rights. *Id*. In determination of a motion for new trial, the baseline presumption in any trial is that of jury impartiality. *Dockery v. Tex. Dep't of Criminal Justice*, 2022 WL 3097849, at *1 (5th Cir. Aug. 3, 2022); *United States v. Ruggiero*, 56 F.3d 647, 652 (5th Cir. 1995). The movant may overcome this presumption by showing prejudicial error by making a "colorable showing" that extrinsic factual matter tainted the jury's deliberations." *Dockery*, 2022 WL 3097849, at *1; *Ruggiero*, 56 F.3d at 652. Upon this showing, a new trial is warranted unless there is no reasonable possibility the jury's verdict was influenced by the material that improperly came before it. *Dockery*, 2022 WL 3097849, at *1; *Ruggiero*, 56 F.3d at 652. In determining whether there is no

reasonable possibility that the jury was improperly influenced, the district court is to examine the content of the extrinsic material, the manner in which it came to the jury's attention, and the weight of the evidence. *Ruggiero*, 56 F.3d at 652–53.

## Discussion

Bellamy argues the inadvertent submission of Defendant Exhibit 66 (Def. Exh. 66), which was a summary of carbon-monoxide testing performed on the subject vehicle, was excluded from evidence, but inadvertently submitted with the evidence it summarized. Bellamy contends this inadvertent submission was critical to the jury's determination of the liability issues, and therefore, it is "probable that the jury's verdict was influenced" by its submission. Bellamy does not argue the Court's allowance of the jury to view Def. Exh. 66 as an illustrative exhibit during the trial was error, but only that its inadvertent submission to the jury created a reasonable possibility that the jury was improperly influenced.

Def. Exh. 66 was created by Chris Eikey for his testimony as both an expert and a corporate representative for Ford. Def. Exh. 66 is a spreadsheet table listing which summarizes data selected by Mr. Eikey from 14 alleged tests by six individuals of the subject vehicle for intrusion of carbon monoxide into the passenger cabin. Bellamy's attorney objected twice to Ford's use of Def. Exh. 66 as an illustrative exhibit and to its admission into evidence. Bellamy's objections pertained to the prejudicial nature of the summary because Mr. Eikey displayed the testing of the individuals that favored Ford (Kinney, Northside Ford, Subia, Eikey and Cundy) as individual line items for tests on the same day, yet he displayed Bellamy's expert test (Gill) on a single line for three separate tests. The Northside Ford technician did not testify; however, the Northside Ford invoice was admitted as a business record over Plaintiff's hearsay objection. Bellamy also objected because three of the tests in Eikey's summary in Def. Exh. 66 were performed by Dr.

Michael Cundy, an expert witness for Ford who did not appear at trial. Finally, Lt. Kinney testified by deposition and gave brief testimony regarding his testing, yet Def. Exh. 66 displays his tests as two line items as if equivalent to every other test.

The dispute over Ford's use of Def. Exh. 66 began during Mr. Eikey's testimony when Ford requested permission to publish it to the jury. Bellamy objected to its admission as evidence, but not as an illustrative aid. The Court clarified that the exhibit could be shown to the jury, but it was not admitted as evidence and allowed the jury to view Def. Exh. 66. Later, again during Mr. Eikey's testimony, Bellamy objected to Ford's use of Def. Exh. 66 as an illustrative exhibit on the basis that Mr. Eikey, as an expert, could testify about otherwise inadmissible hearsay, but Def. Exh. 66 should not be displayed. The Court, then, required Def. Exh. 66 to be removed from the jury's view but allowed Ford to ask Mr. Eikey about its content, including testing by Dr. Cundy. Later that afternoon, the Court "conditionally admitted" Def. Exh. 66, on the basis that Mr. Eikey had likely laid a sufficient foundation, and Def. 66 was published to the jury but not admitted into evidence. Later, the Court denied Ford's request to admit Def. Exh. 66 into evidence.

At the close of evidence, in preparation for giving the case to the jury, the Court asked the parties to review the Court's Exhibit List to check that the exhibits were correct. Ford's counsel reviewed Ford's exhibits and Bellamy's counsel reviewed Bellamy's exhibits. Both signed the Court's receipts. Bellamy's counsel made a change to Plaintiff's exhibit list, and Ford's counsel made a change to Ford's exhibit list. Def. Exh. 66 was inadvertently included in the admitted exhibits. Neither Plaintiff nor Defendant caught the error, and the excluded Def. Exh. 66 was released to the jury prior to deliberations.

After review of Def. Exh. 66 and the context of the circumstances of its inadvertent submission within the evidence published to the jury, the Court finds there is no reasonable possibility the jury's verdict was influenced this extrinsic material. *See Dockery*, 2022 WL 3097849, at *1; *Ruggiero*, 56 F.3d at 652. The jury was familiar with Def. Exh. 66 due to its presentation during Mr. Eikey's testimony and from Mr. Eikey's testimony regarding its content and his creation of it. The summary of tests performed by Dr. Cundy, who did not testify, is not so prejudicial as to create a weight of evidence in favor of Ford. For this reason, the Court finds the inadvertent submission of Def. Exh. 66 does not support granting a new trial. *See Ruggiero,* 56 F.3d at 652–53.

## Conclusion

For the reasons given, Bellamy's Motion for New Trial is **DENIED**. *See ECF No. 168*.

It is so ORDERED.
SIGNED this 9th day of July, 2025.

_____
JASON PULLIAM
UNITED STATES DISTRICT JUDGE